**Marvin Leon GRIMM, et als., Plaintiffs,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**Douglas WARDLAW, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**June A. GOODWIN, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**Lawrence DANIELS, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**Walter R. COLEMAN, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**Michael Leon HILL, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**Stephen E. REEDY, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

**Hibbard KENDRICK, Plaintiff,**

v.

**Clarence L. JACKSON,
et als., Defendants.**

Civ. A. Nos. 93–0273–R, 93–0316–R, 93–0332–R, 93–0388–R, 93–0395–R, 93–0411–R, 93–0475–R and 93–0497–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 3, 1994.

Opinion on Reconsideration Feb. 23, 1994.

motion, it is unnecessary for the Court to address the remaining technical and substantive arguments at this time.

1128

Marvin Leon Grimm, Jr., pro se.

Tommy Crute, pro se.

Dennis Witt, pro se.

Robert Dame, pro se.

Jimmy L. McNutt, pro se.

Herbert Haymore, pro se.

Douglas Wardlaw, pro se.

June A. Goodwin, pro se.

Lawrence Daniels, pro se.

Walter R. Coleman, pro se.

Michael Leon Hill, pro se.

Stephen Reedy, pro se.

Hibbard Kendrick, pro se.

Alan Katz, Office of Atty. Gen., Richmond, VA, for defendants.

## MEMORANDUM OPINION

TURK, District Judge.

Virginia inmates proceeding *pro se*, bring these actions under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Inasmuch as the plaintiffs in these actions make exactly the same or similar claims against the same defendants, seeking the same relief, the court ordered these actions consolidated for disposition. In each of the actions, defendants have filed a motion for summary judgment and plaintiffs have responded; thus, the actions are ripe for disposition as consolidated.

In all of these actions, plaintiffs challenge a new policy instituted by the Virginia Parole Board under which the Board may defer

parole consideration for two or three years for inmates with at least ten years or a life sentence remaining to serve. The policy allows for deferral of parole consideration in cases where the inmate is serving a life sentence, a single sentence of more than 70 years, or multiple sentences totaling more than 70 years, where at least one sentence was for a violent offense. In the past, the practice has been to review every inmate for possible release in the year in which he becomes eligible for discretionary parole and every year thereafter.

Plaintiffs claim that the practice of annual parole review has given rise to an expectation of annual review such that they now have a liberty interest, under state law as previously applied, in receiving annual parole review hearings. They claim that the new policy of deferring parole review deprives them of this liberty interest without due process and that it violates the Equal Protection Clause and the Ex Post Facto Clause of the United States Constitution. They seek injunctive and declaratory relief under § 1983 against the defendants, members of the Virginia Parole Board.

After review of the records in these consolidated actions, it is the opinion of the court that defendants are entitled to summary judgment as a matter of law on all claims. Plaintiffs have not established that the challenged policy, regarding the deferral of discretionary parole review, is violative of the due process, equal protection or ex post facto clauses of the Constitution. Inasmuch as plaintiffs have failed to state a claim that the policy deprives them of constitutional rights, no material issue of fact remains in dispute, and defendants are entitled to summary judgment as a matter of law.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir.1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## I. STATEMENT OF THE FACTS AND ALLEGATIONS

Virginia Code § 53.1–154 grants the Virginia Parole Board the authority to determine the timing of inmates' parole hearings. *See* Va.Code Ann. § 53.1–154 (1991). The statute reads in relevant part as follows:

> § 53.1–154. **Times at which Virginia Parole Board to review cases.** ... Unless there be reasonable cause for extension of the time within which to review and decide a case, the Board shall review and decide the case of each prisoner no later than that part of the calendar year in which he becomes eligible for parole, and at least annually thereafter, until he is released on parole or discharged, except that upon any such review the Board may schedule the next review as much as three years thereafter, provided there are ten years or more or life imprisonment remaining on the sentence in such cases.

Effective January 1, 1993, the Parole Board implemented the challenged deferral policy, pursuant to the authority of § 53.1–154, under which the Board, at the time of an inmate's parole review, can elect to defer that inmate's next parole reconsideration hearing for up to three years in cases where the inmate falls into one of three categories, as follows:

a. all offenders serving a life sentence for any crime with at least ten years remaining to serve at the time of the hearing where deferment is made;

b. all offenders serving a single sentence of 70 years or more with at least ten years remaining to serve at the time of the hearing where deferment is made; and

c. all offenders convicted of at least one violent offense and serving multiple consecutive sentences totaling at least a seventy (70) years with at least ten years remaining to

serve at the time of the hearing where deferment is made.

The defendants offer several reasons for the deferral policy: that a legislative study group recommended the changes for efficiency improvement; that inmates covered by the procedure are more likely to receive multiple denials of parole than are inmates with less time remaining on their sentences; that deferment reduces the number of repeated annual denials of discretionary parole and reduces inmates' false hopes that parole will be granted; and that the deferral procedure responds to community concerns. Inmates may appeal a decision to defer parole reviews beyond one year, based on any of the following grounds:

a. misapplication of the policy;

b. change(s) in the inmate's sentence(s) to the extent that the policy is not applicable;

c. changes in time computation to the extent that the policy is not longer applicable; and/or

(d) post decision diagnosis of an irreversible, incapacitating medical condition.

## II. IMMUNITY DEFENSES

■■■ Defendants, all of whom are members of the Virginia Parole Board, assert that because they are being sued in their official capacities, as representatives of the Commonwealth, they are entitled to immunity under the Eleventh Amendment. They also assert that inasmuch as they acted at all times in good faith in compliance with state law, they are entitled to qualified immunity for their actions. The court finds no merit to these arguments. True, the Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). However, plaintiffs in this action seek injunctive and declaratory relief, not monetary damages, for deprivation of constitutional rights by these defendants. Where plaintiffs challenge the constitutionality of a state official's actions and seek only declaratory or injunctive relief, the general rule of Eleventh Amendment immunity does not apply. *Ex parte Young,*

209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). It is also clearly settled that government officials sued in their official capacities are not entitled to personal immunity defenses such as qualified immunity from suit. *See Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Accordingly, it is the opinion of the court that defendants are not entitled to Eleventh Amendment immunity or qualified immunity.

## III. NO DUE PROCESS VIOLATION

■■■ The Fourteenth Amendment prohibits a state from depriving a person of liberty or property without due process of law. U.S. Const., amend. XIV. When a plaintiff claims that the state action has denied him due process, the court must first inquire whether the plaintiff's claimed interest is one which requires due process protection. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979) (Nebraska statute created a liberty interest in parole release). To have a protectible interest or right, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.,* citing *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

The United States Court of Appeals for the Fourth Circuit, sitting *en banc* with only one judge dissenting, has held that the Virginia parole statutes do not create any liberty interest in parole release; the court found that because the decision to grant parole in Virginia was dependent upon "subjective evaluations and predictions of future behavior," no inmate could claim an entitlement to, or liberty interest in, parole release. *Gaston v. Taylor,* 946 F.2d 340, 344. (4th Cir.1991) The court in *Gaston* also stated in *dicta* that Virginia's parole statute creates at most a liberty interest in becoming eligible and being initially considered for discretionary parole at a certain time, depending upon a number of factors such as the number and type of felony convictions, sentences and commitments. *See* Va.Code Ann. § 53.1–151 (1991) and *Gaston v. Taylor, supra,* at 344.

■ However, once a Virginia inmate becomes eligible, the timing of his parole review hearings is governed by Section 53.1–154. The predecessor to § 53.1–154, § 53–252, provided for mandatory review upon an inmate's initial eligibility for discretionary parole and "at least annually" thereafter.[1] This section was amended in 1977.[2] The 1977 statute read in relevant part as follows:

> Unless there be reasonable cause for extension of the time within which to review and decide his case, the Board shall review and decide the case of each prisoner during the part of the calendar year which he becomes eligible for parole and thereafter during the same part of each ensuing calendar year until he is released on parole or otherwise.... The Board may in addition and in its discretion review the case of any prisoner eligible for parole at any other time.

§ 53–252. Clearly, after the 1977 amendment, the statute no longer mandated an annual parole reconsideration; the first phrase created an exception under which the Parole Board was granted discretion to delay parole review if "reasonable cause" for the delay existed. In 1982, the Assembly repealed § 53–252 and enacted § 53.1–154; Section 53.1–154 was amended in 1984 to include yet another instance in which the Board may defer parole review: "upon any such review the Board may schedule the next review as much as three years thereafter, provided there are ten years or more or life imprisonment remaining on the sentence."[3]

Since 1977, the Parole Board has thus been granted the same sort of discretion in determining the timing of parole review hearings as it has in making parole release decisions. *See Gaston v. Taylor, supra*, at 344. So long as the Board finds reasonable cause to defer an inmate's parole review hearing, the Board has fully complied with § 53.1–154 and the inmate cannot claim any entitlement to annual parole review. *Id.* Accordingly, the court finds that the language of Section 53.1–154 does not create

any liberty interest in annual parole review hearings for Virginia inmates. *Id.*

Plaintiffs argue that even if the statute does not create such a liberty interest, other indications by prison personnel and publications have created an expectation of annual review which constitutes a liberty interest. Plaintiffs allege that the recently implemented deferral policy represents a radical change from the past practices of the Parole Board. They allege that, based on past practices of the Board, all inmates in the custody of the Virginia Department of Corrections ("VDOC") have an expectation that once eligible for discretionary parole, they will be reviewed on an annual basis for possible parole release. Plaintiffs allege that this expectation is continually fostered from the time an inmate is received into the VDOC, through the inmate orientation program and the rules and regulations of the VDOC, and the Probation and Parole Booklet which each inmate receives at orientation. Plaintiffs claim that these written policies, along with the past, unwritten practices of the Parole Board, have created a "mutually explicit understanding" upon which plaintiffs and their fellow inmates have relied since they were incarcerated. Plaintiffs argue that this expectation of annual review constitutes a liberty interest in annual review of which they cannot be deprived without due process. They further assert that the sudden implementation of the deferral procedures represents an arbitrary and unconstitutional deprivation of this liberty interest from the inmates affected by the procedure.

■ The court finds no merit in this argument. Inasmuch as any variation of the timing of parole hearings falls within the discretion of the Parole Board members, so long as reasonable cause for the variation exists, *annual* parole hearings are discretionary privileges, not protected liberty interests. *Gaston v. Taylor, supra*, at 344. Prison policies concerning discretionary privileges, such as work release or assignment to a specific prison facility, may be changed at the discretion of corrections personnel in their

---

**1.** *See* Va.Code Ann. § 53–252 (1974).

**2.** *See* 1977 Acts of Assembly, Ch. 34.

**3.** *See* 1984 Acts of Assembly, Ch. 655.

administration of the prison system and do not create any protected liberty interest. *Id.* Likewise, policies concerning the discretionary privilege of annual parole reviews can be changed at the discretion of the Board and, therefore, whether written or unwritten, such policies cannot create any expectation of annual review which rises to the level of a constitutionally protected liberty interest. *Id.*

■ Under this analysis, so long as the Parole Board has reasonable cause to defer parole hearings for inmates covered under the policy, the deferral policy is fully within the Board's discretion under § 53.1–154 and does not deprive any inmate of a protected liberty interest. The court finds that defendants have offered reasonable cause justifying the deferral policy. Defendants cite a legislative study which found that inmates covered by the policy are those likely to be denied discretionary parole repeatedly. Defendants also assert that the deferral policy will enhance the efficiency of the parole system, reduce the number of repeated denials of parole and reduce inmates' false hopes of potential release every year. The court finds that these factors constitute reasonable cause under § 53.1–154 for deferring parole review for two or three years for inmates covered by the policy.

In addition, the court notes that the deferral policy includes several, built-in safeguards against abuse of the policy. First, any deferral must be made after the inmate receives a parole hearing, and no deferral is made automatically, based on the inmate's remaining sentence alone. In making the decision to defer parole review, the Board evaluates all the factors normally considered during parole review. Hence, an inmate's review is deferred only if the board finds "reasonable cause" in his case to deny annual review. Second, deferment can be imposed up to a maximum of three years, but need not be three years, from the date of the most recent parole review. The Board has the discretion to limit the deferment to two years or less. Third, any inmate may appeal the imposition of a deferment at any time during the deferment period. Finally, any specific inmate may only receive a total of five deferments. After five deferments, an inmate will receive annual parole reviews. In conclusion, the court finds no evidence that the deferral policy deprives inmates of any protected liberty interest in annual parole review.

■ The court also finds that the plaintiffs in these cases have failed to establish that they have been deprived of any protected liberty interest in annual parole review. Some of the plaintiffs have at least ten years remaining to serve for offenses committed before the 1977 amendment eliminating mandatory annual review.[4] However, defendants indicate that these inmates will continue to receive annual review for discretionary parole, in compliance with the statute in effect at the time of their offenses. Hence, these plaintiffs have no claim concerning deprivation of a liberty interest under the deferral policy, as they have not and will not be deprived of annual review. *See Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (actual controversy must exist at all stages of review).

Another group of plaintiffs is not subject to the deferral policy because they do not fall into the required categories: life sentence inmates or inmates serving a total of 70 years or more.[5] Although the Parole Board has discretion under the statute to defer parole hearings for these plaintiffs if reasonable cause exists, these plaintiffs cannot

---

4. Plaintiff Marvin Grimm, Civil Action No. 93–0273–R, is serving a life sentence for murder, an offense which occurred on December 17, 1975. Plaintiff Jimmy McNutt, Civil Action No. 93–0273–R, is serving a life sentence plus one year, 11 months and 29 days for forcible sodomy, rape and malicious wounding, offenses which occurred on November 19, 1972, and June 11, 1974.

5. Plaintiff Haymore, Civil Action No. 93–0273–R, is serving a 45–year sentence for offenses com-

mitted in 1983 and 1984, including crimes against a person, burglary and possession of a weapon. Plaintiff Lawrence Daniels, Civil Action No. 93–0388–R is serving a sentence of ten years for rape; he was received by the VDOC on May 23, 1990. Plaintiff June Goodwin, Civil Action No. 93–0332–R, is serving a sentence of 32 years and twelve months for robbery, attempted rape, brandishing a firearm and being a recidivist; his offenses occurred on February 19, 1975.

claim that the deferral policy deprives them of any liberty interest in annual review, as they are not subject to its provisions. *See Steffel v. Thompson, supra.*

The remaining plaintiffs are serving sentences of 70 years or more for offenses occurring after the 1977 amendment and had at least ten years remaining to serve at the time their complaints were filed.[6] These plaintiffs are subject to the deferral policy. However, should the Parole Board decide to apply the policy to any one of these plaintiffs and defer parole review two or three years, the seriousness of their offenses provides reasonable cause for the deferral under § 53.1–154. The seriousness of the offenses will not change over the two or three year period of any deferment the Parole Board may decide to impose. Were these inmates to receive annual parole review, plaintiffs would likely be denied release again and again, based on the seriousness of their offenses alone. The seriousness of an inmate's offense is a constitutionally sufficient reason for which the Board may deny parole. *Franklin v. Shields,* 569 F.2d 784, 800 (4th Cir.1977), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978). Thus, in effect, the deferral policy merely recognizes that the Board need not go through the motions every year of denying parole to inmates whose offenses are so serious that they would surely be denied parole at subsequent annual reviews anyway. The court finds that application of the deferral policy to these plaintiffs fully complies with § 53.1–154 and that it does not and will not deprive plaintiffs of any liberty interest in annual parole review.

## IV. NO EX POST FACTO CLAUSE VIOLATION

Plaintiffs also assert that the deferral policy instituted by the Virginia Parole Board violates the Ex Post Facto Clause of the United States Constitution. It is well settled that statutes enacted or amended after a prisoner has been sentenced cannot be applied to alter the conditions of his parole eligibility as it existed at the time of sentence. *Fender v. Thompson,* 883 F.2d 303, 306 (4th Cir.1989). The United States Court of Appeals for the Fourth Circuit has also held that a statute which increases the length of time between parole reconsideration hearings violated the Ex Post Facto Clause, where the statute was applied to an inmate who had been sentenced before the effective date of the statute. *Roller v. Cavanaugh,* 984 F.2d 120 (4th Cir.1993).

It is the opinion of the court that the challenged application of the Virginia parole statute, through the policy allowing deferral of parole review for certain inmates, does not violate the Ex Post Facto Clause in any of the cases here before the court. The Virginia Parole Board has been granted discretion to defer parole reconsideration hearings since 1977. *See, supra,* discussion of Va. Code § 53–252 and § 53.1–154. Since 1977, the applicable statute has authorized exceptions to annual parole review where "reasonable cause" exists for such an exception. Consequently, any inmate sentenced after 1977 has been and is subject to deferral of parole reconsideration, at the discretion of the Parole Board, provided the Board finds

6. Plaintiff Crute, Civil Action No. 93–0273–R, is serving a life sentence for a murder which occurred on April 15, 1979. Plaintiff Witt, Civil Action No. 93–0273–R, is serving a life sentence plus 16 years for murder, robbery and use of a firearm in the commission of a felony, offenses which occurred on January 24, 1984. Plaintiff Dame, Civil Action No. 93–0273–R, is serving a life sentence plus 30 years for murder, malicious wounding, first degree murder, and use of a firearm in commission of a felony, offenses which occurred on October 3, 1981. Plaintiff Douglas Wardlaw, Civil Action No. 93–0316–R, is serving a sentence of life plus two years and 29 days for first degree murder and crimes against the person, offenses which occurred January 15, 1979. Plaintiff Walter Coleman, Civil Action No. 93–0395–R, is serving a sentence of life plus 30 years for first degree homicide, use of a firearm and malicious wounding, offenses which occurred on January 5, 1991. Plaintiff Michael Leon Hill, Civil Action No. 93–0411–R, is serving a sentence of 78 years for entering a banking house while armed with intent to commit larceny, multiple robberies, and use of a firearm in commission of a felony, offenses which occurred on April 9, 1981. Plaintiff Stephen Reedy, Civil Action No. 93–0475–R, is serving a life sentence for capital murder, an offense which occurred on February 16, 1978. Plaintiff Hibbard Kendrick, Civil Action No. 93–0497–R, is serving a life sentence for abduction, an offense committed January 17, 1981.

reasonable cause for the deferral. Accordingly, deferral of parole review does not alter the conditions of these inmates' parole eligibility as they existed at the time of sentence and so does not violate the Ex Post Facto Clause. *Fender v. Thompson, supra*, at 306.

■ Plaintiffs argue that the deferral policy should be treated as a new law, not simply a statement of policy, and that its possible effect, lengthening the time from denial of discretionary parole to the next possible reconsideration for discretionary parole, violates the Ex Post Facto Clause. As support for this argument, plaintiffs cite *Akins v. Snow*, 922 F.2d 1558 (11th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2915, 115 L.Ed.2d 1079 (1991). In *Akins*, the Georgia Parole Board was authorized by the state legislature to enact rules setting times at which inmates would be periodically reconsidered for discretionary parole. *Id.* at 1562. The Board passed a new rule deferring parole reconsideration for eight years, after an inmate was denied parole upon initially becoming eligible for parole. *Id.* The Eleventh Circuit found that this rule was a law for Ex Post Facto purposes and that as a law, it violated inmates' rights to be free from Ex Post Facto increases in punishment, where those inmates had been entitled to annual parole reconsideration under state law in effect at the time of their sentencing. *Id.* at 1564–65.

The Virginia parole statute and regulations are clearly distinguishable from the Georgia laws at issue in *Akins*. The court found that the Georgia parole statute granted the Parole Board quasi-legislative authority in setting times for parole reconsideration hearings. *Id.* at 1561. Thus, parole board rules had the force of law. In contrast, the Virginia statute itself authorizes exceptions to annual parole reconsideration: upon "reasonable cause" and/or "provided there are ten years or more or life imprisonment remaining on the sentence." Va.Code Ann. § 53.1–154 (1991). Since 1977, the legislature has granted the Parole Board broad discretion to evaluate the need for annual parole reconsideration and to lengthen the time between

hearings if the Board finds reasonable cause. The Parole Board custom of granting annual parole hearings cannot supersede the statute as the expression of the legislature in § 53.1–154 and its predecessor statutes.[7] Accordingly, the court finds that the deferral policy is not a law for Ex Post Facto purposes and that the policy represents a valid exercise of the discretion granted to the Parole Board by the Virginia parole statute, § 53.1–154, since 1977.

■ In addition, the plaintiffs in *Akins* had both been sentenced under previous rules which mandated annual parole reconsideration. *Id.* at 1564. Because the 1986 Georgia parole board deferral rule greatly disadvantaged plaintiffs' parole eligibility as it existed at the time of sentencing, the court found that the rule violated the Ex Post Facto Clause. *Id.* Only a few of the plaintiffs in the present case were sentenced before the 1977 amendment to the parole review statute.[8] If the Parole Board were to apply the deferral policy to these plaintiffs, they might have an Ex Post Facto claim under *Akins* and other caselaw. However, the defendants indicate that the deferral policy has not been and will not be applied to these inmates. These inmates will continue to receive annual parole reconsideration hearings, precisely because they were entitled to annual hearings under the parole statute as it existed at the time of their sentencing. Accordingly, these plaintiffs cannot claim that the policy violates their constitutional rights under the Ex Post Facto Clause, as they have not and will not be deprived of annual review under the deferral policy. *See Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (actual controversy must exist at all stages of review).

As under the Due Process analysis, a second group of plaintiffs is not subject to the deferral policy because they do not fall into the required categories: life sentence inmates or inmates serving a total of 70 years

---

7. *See, supra*, discussion at 1131–32.

8. *See, supra*, note 4.

or more.[9]  Although the Parole Board has discretion under the statute to defer parole hearings for these plaintiffs if reasonable cause exists, these plaintiffs cannot claim that the policy violates their constitutional rights under the Ex Post Facto Clause, as they have not and will not be subject to its provisions.  *See Steffel v. Thompson, supra.*

The remaining plaintiffs are serving sentences of 70 years or more for offenses occurring after the 1977 amendment and had at least ten years remaining to serve at the time the complaint was filed.[10]  Thus, they are subject to the provisions of the deferral policy.  However, the deferral policy as applied to these plaintiffs does not alter the conditions of plaintiffs parole eligibility as it existed at the time of sentence.  *Fender v. Thompson, supra,* at 306.  From the time of their sentencing, these plaintiffs have been subject to possible deferral of parole reconsideration, upon reasonable cause, first under § 53–252 and now under § 53–254.[11]  As discussed above, reasonable cause exists for deferral of their parole because of the serious nature of their offenses.[12]  Hence, the Parole Board's deferral policy as applied to them complies with the statute in effect at the time they were sentenced and, accordingly, does not violate the Ex Post Facto Clause.  *See Fender v. Thompson, supra,* at 306.

## V.  NO EQUAL PROTECTION VIOLATION

■  Finally, plaintiffs claim that the deferral policy instituted by the Parole Board violates the prohibitions of the Equal Protection Clause.  Plaintiffs assert that the policy's classification system unfairly discriminates against violent offenders serving sentences of 70 years or more, since non-violent offenders serving a sentence of the same length would not be covered under the policy.  In addition, plaintiffs assert that predetermining denial of parole for an entire group of inmates based on remaining sentence alone prevents personalization of parole, which

seems to be the goal of the entire Virginia parole system.

The court finds no merit in these arguments.  Where a prison regulation classifies inmates according to some suspect criterion such as race or national origin or where a classification infringes upon some fundamental constitutional right, the state must justify the regulation by showing that the classification furthers a compelling state interest.  *See McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).  Where no suspect classification or fundamental right are at issue, the court's only proper inquiry is whether the statute serves a legitimate state interest and whether the challenged classification is rationally related to that interest.  *Moss v. Clark,* 886 F.2d 686 (4th Cir.1989).

The classification which plaintiffs challenge divides inmates on the basis of length of sentence and violence of offense.  These are not suspect criteria nor does the classification affect any fundamental right; accordingly, so long as the classification is rationally related to legitimate state goals, the policy is constitutional.  *See McGinnis v. Royster, supra.*  Defendants have offered several state interests behind the implementation of the policy: efficiency in the parole review process, reducing inmates' false hopes of potential parole release, and community concerns regarding parole matters.  The court finds these interests to be legitimate and finds that the classification applied in the deferral policy is rationally related to these interests.  Violent offenders serving long sentences are more likely to be denied parole repeatedly; when the outcome of annual parole review is a foregone conclusion, deferring the review for two or three years is more efficient and prevents the inmate from having false hopes of release every year.  Violent offenders' annual parole review also concerns many members of the public, who may not understand the unlikelihood that the inmate will actually be granted parole.  Thus, the court finds that the deferral policy has potential to further the state interests articulated by the defendants.

---

**9.**  *See, supra,* note 5.

**10.**  *See, supra,* note 6.

**11.**  *See, supra,* discussion at 1131–32.

**12.**  *See, supra,* note 6.

In addition, the deferral policy has the built-in safeguard of discretion. The deferral decision is made only after an individual has had a full parole review hearing, in which the Board considers all the factors relevant to granting parole. The Board is then free to decide not to apply the deferral policy at all and recommend another parole review the following year or to apply the policy and defer review for two or three years, depending on all factors relevant to parole for that individual inmate. This policy does not eliminate personalization of parole consideration. The Board also retains the discretion under § 53.1–154 to defer parole review for any inmate, including non-violent inmates serving long sentences, provided reasonable cause exists for the deferral. Clearly, the Board retains discretion to defer parole review or not, depending upon the characteristics of individual inmates. In conclusion, the court finds no validity to plaintiffs' claim that the Parole Board's deferral policy violates the Equal Protection Clause.

Inasmuch as plaintiffs have failed to allege facts sufficient to establish material elements of their claims, no material issues of fact remain in dispute for trial. Plaintiffs have made discovery requests, which are pending. However, because the court has determined that plaintiffs have failed to allege facts which state a claim, further discovery to prove the existence of those facts is unnecessary. Therefore, defendants are entitled to summary judgment as a matter of law. An appropriate order shall be entered this day.

Several other inmates have filed motions for joinder, seeking to participate in this case as plaintiffs. Inasmuch as the case shall be stricken from the active docket of the court, these motions for joinder shall be dismissed as moot.

### FINAL ORDER

In accordance with the written memorandum opinion entered this day, it is hereby

### ADJUDGED AND ORDERED

(1) that summary judgment shall be and hereby is GRANTED in favor of the defendants;

(2) that all pending motions for joinder shall be and hereby are DENIED; and

(3) that these actions are stricken from the active docket of this court.

### MEMORANDUM OPINION ON RECONSIDERATION

Feb. 23, 1994

Six Virginia inmates, proceeding *pro se,* bring this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiffs challenge a new policy instituted by the Virginia Parole Board under which the Board may defer parole consideration for two or three years for inmates with at least ten years or a life sentence remaining to serve.

This case has a rather complicated procedural history. By order dated December 23, 1993, the court consolidated this case for purposes of disposition with several other cases raising similar claims. The court granted summary judgment for defendants by order and memorandum opinion dated January 3, 1994. These plaintiffs then filed a pleading that the court construed as a motion to reconsider on grounds that plaintiffs had not been allowed to respond to defendants' summary judgment motion. The court vacated the January 3 dismissal order as to these plaintiffs only and reinstated this action on the court's active docket by order dated January 12; this order granted plaintiffs twenty (20) days from entry of the order in which to file a response to defendants' summary judgment motion. Plaintiffs have now filed a formal motion to reconsider/motion for summary judgment, with a brief and a memorandum of law in support. The twenty day period granted by the court for further, direct response to defendants' motion for summary judgment has expired. Thus, the court finds that these matters are ripe for consideration.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355 (4th Cir.1985). Summary judgment is proper where there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

After review of the record, it is the opinion of the court that defendants are entitled to summary judgment. For reasons discussed at length in the court's original memorandum opinion, dated January 3, 1994, plaintiffs have failed to allege facts which state a claim that the challenged deferral policy of the Virginia Parole Board violates their constitutional rights; accordingly, they have failed to state a claim under § 1983 against any of the defendants. No material issue of fact remains in dispute for trial, and defendants are entitled to summary judgment as a matter of law.

The challenged deferral policy is cited and discussed at length in the court's earlier memorandum opinion; this discussion shall not be repeated here. The court shall herein briefly state its conclusions concerning each of the three claims raised by plaintiffs and, again briefly, explain why the deferral policy does not violate plaintiffs' rights under the Due Process, Ex Post Facto or Equal Protection Clauses of the United States Constitution.

## A. Due Process Claim

First, plaintiffs have not alleged facts which state a claim that the deferral policy deprives them of a liberty interest in annual parole without due process. Virginia inmates have a constitutionally protected liberty interest only in being considered for discretionary parole, not in parole release. *Gaston v. Taylor,* 946 F.2d 340 (4th Cir.1991) (en banc). The language of the statutory scheme creates an entitlement to and, accordingly, a liberty interest in parole consideration. *Id.*

As explained at length in the court's earlier opinion, since 1977, Virginia parole statutes have granted the Virginia Parole Board discretion, once an inmate has been denied parole release, to determine exactly when that inmate shall be subsequently reconsidered for parole. *See* Va.Code Ann. § 53.1–154 (1991). So long as the Board finds reasonable cause to defer that inmate's reconsideration hearing for more than one year, the Board has complied with the statute and the inmate cannot claim entitlement to an annual parole review hearing. *Id.*

The court finds that defendants have offered reasonable cause justifying the deferral policy. Defendants cite a legislative study which found that inmates covered by the policy are those likely to be denied discretionary parole repeatedly. Defendants also assert that the deferral policy will enhance the efficiency of the parole system, reduce the number of repeated denials of parole and reduce inmates' false hopes of potential release every year. The court finds that these factors constitute reasonable cause under § 53.1–154 for deferring parole review for two or three years for inmates covered by the policy. Accordingly, the court finds that Virginia parole statutes do not create a liberty interest in annual parole hearings. *Gaston v. Taylor, supra.* Likewise, for reasons stated in the court's earlier opinion, prior practices of the Board in granting annual parole review do not create any entitlement or liberty interest in annual parole review hearings. *Id.*

Three of the plaintiffs in this action do not have standing to claim any deprivation under the deferral policy, as it has not been and will not be applied to them. It is undisputed that plaintiffs Marvin Grimm and Jimmy McNutt will continue to receive annual parole review; it is also undisputed that plaintiff Herbert Haymore is not covered under the deferral policy at all, although under the parole statute itself the Parole Board has the discretion to defer his parole hearing more than one year upon reasonable cause. These plaintiffs cannot claim that the deferral policy deprives them of any liberty interest in annual review, as they are not subject to its provisions. *See Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (actual controversy must exist at all stages of review).

The remaining three plaintiffs in this action are subject to the provisions of the deferral policy. However, should the Parole Board decide to apply the policy to any one of these plaintiffs and defer parole review two or three years, the seriousness of their offenses provides reasonable cause for the deferral under § 53.1–154.[1] The seriousness of an inmate's offense is a constitutionally sufficient reason for which the Board may deny parole. *Franklin v. Shields,* 569 F.2d 784, 800 (4th Cir.1977), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978). These plaintiffs cannot claim an entitlement to or liberty interest in annual parole review, and thus have not stated a due process claim under § 1983 against defendants. Defendants are entitled to summary judgment as a matter of law. *Ross v. Communications Satellite Corp., supra.*

## B. Ex Post Facto Claim

It is well settled that, under the prohibitions of the Ex Post Facto Clause, statutes enacted or amended after a prisoner has been sentenced cannot be applied to alter the conditions of his parole eligibility as it existed at the time of sentence. *Fender v. Thompson,* 883 F.2d 303, 306 (4th Cir.1989). The United States Court of Appeals for the Fourth Circuit has also held that a statute which automatically increases the length of time between parole reconsideration hearings violated the Ex Post Facto Clause, where the statute was applied to an inmate who had been sentenced before the effective date of the statute. *Roller v. Cavanaugh,* 984 F.2d 120 (4th Cir.1993). In *Roller,* at the time he was sentenced, plaintiff was entitled to annual parole review once he became eligible for parole; the challenged statute provided for biannual parole review. *Id.* The court found that, as applied to plaintiff, the statute altered the conditions of his parole eligibility, in violation of the Ex Post Facto Clause. *Id.*

After analysis of the current Virginia parole statutes and predecessors as detailed in its earlier opinion, this court found that, since 1977, the Virginia Parole Board has had statutory discretion to defer parole review hearings for more than a year upon reasonable cause. More specifically, any Virginia inmate sentenced after 1977 has been and is subject to the following statutory conditions of eligibility for discretionary parole: (1) he has the right to be considered for parole in the first year in which he becomes eligible; and (2) he has the conditional right to be reconsidered for parole in the same quarter of each year thereafter provided the Parole Board does not find reasonable cause to extend that time.

Plaintiffs point out that the Parole Board has customarily granted all inmates an annual parole review hearing. However, the fact that the Parole Board has granted inmates the privilege of annual hearings cannot supersede the statute as the expression of the legislature in § 53.1–154 and its predecessor statutes concerning the conditions of parole eligibility. Clearly, the intent of the legislature since 1977 has been and is that the Parole Board retains discretion to schedule parole hearings according to reasonable cause.

Accordingly, it is the opinion of the court that the application of the deferral policy does not and would not alter the conditions of parole eligibility for any inmate sentenced after 1977. This conclusion holds whether the deferral policy is considered as a new law, a regulation carrying the force of law, an administrative practice in application of a statute or merely an expression of operating policy: because the application of the deferral policy does not alter conditions of parole eligibility for any inmate sentenced after 1977, it does not violate the Ex Post Facto Clause for those inmates. *See Fender v. Thompson* and *Roller v. Cavanaugh, supra.*

Plaintiffs, in their motion to reconsider, cite several cases in support of the proposition that a regulation or an administrative application of a statute can violate the Ex Post Facto Clause. *See Evans v. Muncy,*

1. Plaintiff Crute is serving a life sentence for a murder which occurred on April 15, 1979. Plaintiff Witt is serving a life sentence plus 16 years for murder, robbery and use of a firearm in the commission of a felony, offenses which occurred on January 24, 1984. Plaintiff Dame is serving a life sentence plus 30 years for murder, malicious wounding, first degree murder, and use of a firearm in commission of a felony, offenses which occurred on October 3, 1981.

945 F.2d 398 (4th Cir.1991) (application of statute to adversely alter plaintiff's parole eligibility on a pre-statute offense because of a post-statute offense violated Ex Post Facto) and *Carbaugh v. Solem*, 225 Va. 310, 302 S.E.2d 33 (1983) (administrative regulations promulgated in accordance with state statutes have the effect of law). As explained above, the designation of the deferral policy as a law or regulation is immaterial, as the policy does not alter the conditions of parole eligibility for any inmate sentenced since 1977 and, thus, does not offend the Ex Post Facto Clause.

As in the Due Process analysis above, three of the plaintiffs have no standing to claim that their rights under the Ex Post Facto Clause have been or will ever be violated by the challenged deferral policy. It is undisputed that plaintiffs Marvin Grimm and Jimmy McNutt will continue to receive annual parole review.[2] It is also undisputed that plaintiff Herbert Haymore is not covered under the deferral policy at all, although under the parole statute itself the Parole Board has the discretion to defer his parole hearing more than one year upon reasonable cause. These plaintiffs cannot claim that the deferral policy deprives them of any liberty interest in annual review, as they are not subject to its provisions. *See Steffel v. Thompson, supra.*

Although the remaining three plaintiffs, Crute, Witt and Dame, are subject to the deferral policy provisions, they have not established that the policy has altered the conditions of their parole eligibility. Since the time of their sentencing, the Parole Board has had discretion to lengthen the time between parole review hearings upon reasonable cause. For all three of these plaintiffs, the seriousness of their offenses provides reasonable cause to defer parole hearings, as discussed above and in the court's original opinion. Therefore, the court finds that they have not established that the policy alters the conditions of their parole eligibility or violates their rights under the Ex Post Facto Clause. *Fender v. Thompson, supra.* Since none of the plaintiffs have stated an Ex Post Facto claim under § 1983 against defendants, defendants are entitled to summary judgment as a matter of law. *Ross v. Communications Satellite Corp., supra.*

## C. Equal Protection

As discussed more at length in the court's earlier opinion, where no suspect classification or fundamental right is at issue, the court's only proper inquiry in an Equal Protection analysis is (1) whether the statute serves a legitimate state interest and (2) whether the challenged classification is rationally related to that interest. *Moss v. Clark*, 886 F.2d 686 (4th Cir.1989). The classification used in the deferral policy divides inmates on the basis of length of sentence and violence of offense. These are not suspect criteria nor does the classification affect any fundamental right. Accordingly, so long as the classification is rationally related to legitimate state goals, the policy is constitutional. *See McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).

Defendants offer several state interests behind the policy, including the research-supported fact that offenders serving long sentences are more likely to be denied parole repeatedly, that the policy will enhance the efficiency of the parole review process and reduce inmates' false hopes of potential parole release.[3] The court finds these to be legitimate state interests, to which the policy is rationally related. In short, the court finds no validity to plaintiffs' claim that the Parole Board's deferral policy violates the Equal Protection Clause. Inasmuch as plaintiffs have failed to allege facts sufficient to establish material elements of their claims,

---

2. Plaintiffs apparently interpreted the court's earlier opinion to hold that the claims of plaintiffs Grimm and McNutt were moot. Plaintiffs make an argument against mootness in their memorandum of law in support of their motion for summary judgment. However, the court has never held that these claims were moot. Instead, the court finds that Grimm and McNutt do not have standing to bring a claim that the policy

as applied to them violates the Ex Post Facto Clause because it is undisputed that the policy has never and will never be applied to them. *See Steffel v. Thompson, supra.*

3. A complete list of the state interests which defendants claim are furthered by the deferral policy is included in the court's earlier opinion.

no material issues of fact remain in dispute for trial. *Ross v. Communications Satellite Corp., supra.* Defendants are entitled to summary judgment as a matter of law. *Id.*

Several other inmates have filed motions for joinder, seeking to participate in this case as plaintiffs. Inasmuch as the case shall be stricken from the active docket of the court, these motions for joinder shall be dismissed as moot.